UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Zygmunt Choroszy Jr. ) | |
| ) | |
| Complainant, ) | |
| v. ) | Civil Action No. |
| Robert Wilkie, Et.al ) | |
| Secretary, ) | |
| U.S. Department of Veterans Affairs, ) | |
| (Veterans Health Administration) ) | Date:  August 1, 2020 |
| in his official capacity as secretary of the ) | |
| U.S. Department of Veterans Affairs, and ) | |
| Vincent W. NG, Director of the VHA BHS ) | |
| healthcare system, in his official capacity ) | |
| Rachael Sartini, in her official capacity as ) | |
| Human resources Director for the, ) | |
| U.S. Department of Veteran's Affairs, in her ) | |
| Official capacity and Joseph Gonzalves, Chief ) | |
| Of the VHA BHS Police Service in his official ) | |
| Capacity. ) | |
| ) | |

**COMPLAINT**

1

Age and Disability Discrimination and Retaliation and Reprisal for filing an EEO Complaint)

## INTRODUCTION

1. Plaintiff, Zygmunt P. Choroszy Jr. proceeding Pro Se, brings this action pursuant to and after exhausting all remedies with the EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's April 15, 2019, final decision concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981a, the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2), the Age Discrimination in Employment Act, Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. to remedy acts of employment discrimination and retaliation perpetrated against him by the United States Department of Veterans affairs. (D.V.A.). Plaintiff contends that D.V.A. officials discriminated against him by passing over him for selection and reinstatement on three different occasions as a GS-06 and GS-07 police officer position because of his age (58 yrs. old) and disability (Schedule A physically disabled). Plaintiff further asserts that management retaliated against him for having previously filed an EEO complaint, unfair labor practices, and union grievances against management officials who were responsible for discriminating against him. The Agency also placed the complainant on a Cautionary list/hit list without his knowledge. The cautionary list was used against the Complainant to deny him employment opportunities with the U.S. Department of Veterans Affairs based upon his age and disability. The illegal Cautionary list maintained by the VHA BHA Human resources department was for individuals who left the employ of the Veterans Affairs under negative terms and were disabled and over the age of 40. The complainant left the VA under good terms.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, The Rehabilitation Act, 29 U.S.C. § 701 et seq. and the Age Discrimination in Employment Act, 29 USC§ 621, et. seq.

## VENUE

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff was formerly employed by the United States Department of Veterans Affairs (D.V.A.) in the District of Massachusetts. The discrimination against the Complainant also took place at the U.S. Department of Veterans Affairs in Brockton, MA, before, during and at the time of his NON-Selection and his illegal placement on the Cautionary/hit list. Plaintiff's employment records are maintained by the D.V.A. in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

2

## PARTIES

4. Plaintiff, Zygmunt P Choroszy Jr., a Physically Disabled male who is 58-years old, is a citizen of the United States and a resident of the State of Massachusetts. At all times relevant to this suit, he is a resident of Massachusetts and was formerly employed by the D.V.A. at the West Roxbury MA campus.

5. Defendant Robert Wilkie is currently the Secretary of Department of Veterans Affairs of the United States. Mr. Wilkie is being sued here in his official capacity only. 6. Defendant NG is the Director of the VA Boston Healthcare System and Defendant Rachael Sartini, the VISN Director of the Office of Human Resources for the Boston Healthcare system; and, Defendant Joseph Gonsalves, Chief of the VA Boston healthcare Police Service, are subordinates of Mr. NG in the VA Boston Healthcare System for the Secretary of Veteran affairs and all being sued in there official capacity.

## STATEMENT OF FACTS

6. Plaintiff Zygmunt P. Choroszy Jr., A schedule A disabled male, was a former tenured career federal employee (Police Officer) with over three years of service with D.V.A., at the time of events giving rise to this complaint, Complainant previously served as a Police Officer, GS-7, at the Agency's Boston VA Healthcare System facility in Boston, Massachusetts. He applied for reinstatement as a Police Officer, GS-0083-06, position listed under vacancy announcement no. CAZW-1009179718-RWS (Vacancy) at the same facility.

On June 11, 2018, Complainant filed his second EEO complaint alleging that the Agency discriminated against him on the bases of disability (diabetes and musculoskeletal spine injury), age (57), and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Section 501 of the Rehabilitation Act of 1973 when, on March 8, 2018, he was notified that he was not selected for the Vacancy. Complainant left the Agency on February 2, 2013, under good terms. Complainant believed that the Police Chief (Chief) did not select Complainant because the Chief was aware of his age, disability, and prior EEO activity. Complainant previously submitted documentation of his disability through a Schedule A letter and a prior EEO mediation, that had led to a settlement in a preceding EEO case, where Complainant informed the chief and Assistant Chief of the extent of his disability. In April 2016, Complainant and the Chief and assistant Chief Gonsalves were two of the three individuals who signed an EEO discrimination settlement agreement, stemming from prior protected EEO activity, which was the end product of mediation of the prior EEO complaint that all three attended.

Complainant was informed via email that he met the Vacancy qualifications for vacancy announcement no. CAZW-1009179718-RWS (Vacancy for Police Officer). Complainant received notice of referral for the Vacancy but was not selected. Complainant had previously served the VA Boston Healthcare as a Police Officer with distinction and honor prior to

3

applying for reinstatement to a lower grade GS-06 Police Officer position, which is the subject of this complaint. The agency selected younger officers than the complainant for the 3 open police Officer positions and these selectees were less qualified than the complainant. The Agency applied a more stringent review of the Complainant's application package due to his age and disability status.

## COUNT ONE

**(Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 USC 621 et seq.)**

7. The foregoing paragraphs are realleged and incorporated by reference herein.

8. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

Count Two (Reprisal for Engaging in Protected Activities)

## COUNT TWO

**(Reprisal for Engaging in Protected Activities**

9. The foregoing paragraphs are realleged and incorporated by reference herein.

10. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus. The Complainant was also placed on a cautionary hit list without his knowledge precluding him from employment with the VA BHS..

Count Three (Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq.)

## COUNT THREE

**(section 501 Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.)**

11. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as thoughtfully set forth herein.

12. D.V.A. has discriminated against Mr Choroszy by denying him employment due to his disabilities, including physical disability (Diabetes and Musculoskeletal disorder), in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as amended.

131. D.V.A. has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Mr. Choroszy.

14. By reason of D.V.A.'s discrimination, Mr. Choroszy is entitled to all legal and equitable remedies available under the Rehabilitation Act.

15. Attorney's fees should be awarded under 29 U.S.C. § 794(a) (1).

4

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On or about April 15, 2019, the Plaintiff filed a timely Charge of Discrimination alleging that the Agency discriminated against him on the bases of disability (diabetes and musculoskeletal spine injury), age (57), and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Section 501 of the Rehabilitation Act of 1973 when, on March 8, 2018, he was notified that he was not selected for the Vacancy. (A true and accurate copy of EEOC decision appeal # 2019003225, is attached hereto as Exhibit A) The Plaintiff has satisfied all statutory prerequisites for filing this action.

17. On or about July 30, 2020, the Plaintiff received his Decision from the O.F.O. And Notice Of Rights" letter from the EEOC for his Charge of Discrimination.

18. The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his "O.F.O. Decision.

19. Defendants' discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

20. Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

21. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court award him:

A. That the Court order Defendants to reinstate Plaintiff's employment;

B. That the Court grant full front pay to the Plaintiff;

C. That the Court grant full back pay to the Plaintiff;

D. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

E. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

F. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated and retaliated against;

G. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;

H. That the Court grant Plaintiff a jury trial;

I. That the Court grant Plaintiff all other relief the Court deems just and proper; and That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.

Respectfully submitted this 11 day of August 2020.

## JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted this 11 day of August 2020.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Zygmunt P. Choroszy Jr./ Pro Se
217 Harvard Circle
Newtonville, MA 02460
northampi@verizon.net
(857)234-8457